1  Eric A. LaGuardia (SBN 272791)
   **LAGUARDIA LAW**
2  402 West Broadway, Suite 800
3  San Diego, CA 92101
   Tel.  (619) 655-4322
4  Fax.  (619) 655-4344
5  eal@laguardialaw.com

6
   Attorneys for Plaintiff,
7  AARON MENDEZ

8

9              **UNITED STATES DISTRICT COURT**
10             **SOUTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| 12  AARON MENDEZ, an individual, | Case No.: **'18 CV 0186 JM   BGS** |
| 13              Plaintiff, | |
| 14       vs. | **COMPLAINT FOR DAMAGES** |
| 15 | |
| 16  HUNT & HENRIQUES, INC., | **DEMAND FOR JURY TRIAL** |
| 17              Defendants. | |

18
19
20
21
22
23
24
25
26
27
28

- i -
**COMPLAINT**

Mendez v. Hunt & Henriques, Inc.

# INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the California Rosenthal Act, Civil Code § 1788 *et seq.* ("Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; among others.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Defendant's violations were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Through this complaint, Plaintiff does not allege any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek through this complaint to reverse or modify any judgment of any state court.

# JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Because a substantial part of the events or omissions giving rise to the claim occurred in San Diego County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

///
///

- 1 -
**COMPLAINT**

Mendez v. Hunt & Henriques, Inc.

## PARTIES

10. Plaintiff, AARON MENDEZ, ("Plaintiff"), is a natural person residing in the County of San Diego, and State of California.

11. Defendant HUNT & HENRIQUES, INC., ("Defendant"), is a company doing business collecting debts in California operating from an address at 151 BERNAL ROAD, SUITE 8, SAN JOSE, CA 05119-1306.

12. Plaintiff is a consumer as defined by both the Federal Fair Debt Collection Practices Act and the California Rosenthal Act.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

///

## FACTUAL ALLEGATIONS

18. Sometime before November 16, 2017, Plaintiff is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before November 16, 2017, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

22. Subsequently, but before November 16, 2017, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

23. On October 27, 2017, an attorney representing Plaintiff regarding the alleged debt contacted Defendant and discussed Plaintiff's alleged debt with Defendant.

24. On October 27, 2017, an attorney representing Plaintiff regarding the alleged debt also faxed written notice to Defendant that the attorney represented Plaintiff regarding the alleged debt and included the attorney's name and contact information. Plaintiff's attorney has confirmation that Defendant received this written notice on October 27, 2017.

25. Despite receiving notice that Plaintiff was represented by an attorney with respect to the alleged debt, on or about November 16, 2017, Defendant mailed a dunning letter directly to Plaintiff. A few days later, Plaintiff received that letter.

///
///

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2).

29. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION
### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

30. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

31. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

32. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT
## (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

33. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

34. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

35. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

36. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

1  • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and

 • Any other relief that the court deems proper.

Dated: **January 26, 2018**                    s/Eric A. LaGuardia
                                                Eric A. LaGuardia
                                                Attorney for Plaintiff
                                                AARON MENDEZ

### DEMAND FOR JURY TRIAL

Plaintiff, AARON MENDEZ, by and through his attorney, Eric LaGuardia, hereby demands a trial by jury in the above-captioned matter.

Dated: **January 26, 2018**                    s/Eric A. LaGuardia
                                                Eric A. LaGuardia
                                                Attorney for Plaintiff
                                                AARON MENDEZ